10432. BUCK *v.* PEOPLES BANK OF JACKSONVILLE.

BROYLES, P. J. The petition was not subject to either the general or the special ground of the demurrer interposed, and the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*

DECIDED JULY 16, 1919.

Motion to set aside judgment; from city court of Tifton—Judge Price.  March 12, 1919.

By petition to the city court of Tifton, filed March 6, 1919, Buck sought to set aside a judgment which on August 5, 1918, that court rendered against him in favor of the Peoples Bank of Jacksonville, Florida, the defendant in the petition.  He alleged, in brief, that by reason of a malignant cancer and dangerous illness which threatened his life, and for which he was under treatment in Baltimore, Maryland, from April 7 to August 15, 1918, and which after his return to his home kept him confined to his bed, he was incapacitated from giving any attention to business affairs and was in ignorance of any proceedings of a legal nature against him, and did not until within ten days of the filing of this petition know of the suit against him, filed May 17, 1918, in which the judgment in question was rendered, and on account of his illness was prevented from making a defense.  He alleged that he had a valid and meritorious defense.  From the petition and the exhibits it appeared that the suit referred to was for $1,800 alleged to be due as a balance on a promissory note of Buck for $2,500, dated November 12, 1917, payable to the order of Blount Naval Stores Company and indorsed to Peoples Bank of Jacksonville.  Service of that suit was effected by leaving a copy at the defendant's place of abode.  The petition to set aside the judgment alleged that the petitioner was not indebted to the plaintiff on the note sued on, for the reason that it was obtained from the petitioner under the following circumstances:  On or about June 5, 1915, the Blount Naval Stores Company, of Jacksonville, Florida, was organized, with the petitioner as one of the subscribers to its stock; and at or about that time he was indebted to the Blount Naval Stores Company in the sum of $5,500, balance due on stock subscription, and in settlement of this indebtedness executed and delivered to that company two promissory notes, one for $2,500 and one for $3,000.  Subsequently B. W. Blount, president of the company, advised him that inasmuch as these two notes had not been paid, he had arranged for renewals of them, and through the mail Blount sent to him two notes for similar amounts, to be executed by him and delivered back to the company, for the purpose of using them as renewals or taking up the first two notes.  With this understanding and for this purpose the petitioner

executed the note sued on and one for $3,000, and sent them through the mail to the Blount Naval Stores Company to be used for that purpose alone. The original notes were at that time held by some bank the name of which the petitioner is unable to give. The Blount Naval Stores Company, without any right or authority and in fraud of the petitioner's rights, transferred to the Peoples Bank of Jacksonville the note sued on, and did not use it for the purpose of taking up and renewing the two original notes, but left them as an outstanding obligation, and they are still outstanding obligations against him. Of all these facts the Peoples Bank of Jacksonville had full knowledge before the note sued on was transferred and delivered to it. The petitioner alleged that these facts constituted a good and meritorious defense. He offered to file his plea as here indicated and to plead instanter. He prayed that the judgment be vacated and set aside and that the case be reinstated. The petition was duly verified.

The defendant demurred generally, and also upon the ground that the petition failed to show how and from whom the Peoples Bank obtained its information as to the notes being renewal notes, and as to the purpose of Buck in executing them.

*R. D. Smith,* for plaintiff. *J. S. Ridgdill,* for defendant.